Good morning, Your Honors. May it please the Court, my name is Mark Millard. I appear on behalf of the Mamadi Hassanati plaintiffs. We come before this Court on our appeal concerning the dismissal of the action based on res judicata. We've submitted a lengthy brief and replied to the appellee's responding brief. In a nutshell, this can be brought down to a very simple issue, and it's a two-step analysis. The first being, with regard to the judgment that was set forth without prejudice, it was reviewed and rewritten by the district judge. The question is, is this Court going to approve that, affirm the judgment that was entered by the second court? Judge Fisher had set precedent that a judgment can be challenged and reviewed at any time, such as in this case, multiple years past the date of the judgment. Counsel, you took an appeal from Judge Morrow's order. That's correct. And you told this Court that it was a final judgment. That is correct. So why aren't you judicially stopped from coming forward now and telling us that it wasn't a final judgment? Because that would have deprived us of jurisdiction. You allowed this Court to accept full jurisdiction over your appeal, hear the case, it went against you, and now you come back and tell us, well, you didn't really have jurisdiction. Not exactly, Your Honor. I understand the question. It's a good point. We're not saying there was not jurisdiction the first time. We're saying there was jurisdiction. Well, how can there be jurisdiction if it was without prejudice? In this Court, in the Cooper v. Ramos, 704 F. 3rd, 772, 9th Circuit, 2012 case, analyzed the cases we talked about in our brief, the McGowan case, the WMX technology case. And in those cases, what we talked about is when there's a without prejudice dismissal, it can still be a final appealable order if, at the time, the Court's intention was to be rid of that case. I understand how a complaint can be dismissed with or without prejudice. But a summary judgment is a grant of a judgment in favor of the defendants in this case. There's no without prejudice for a grant of a judgment. So a summary judgment in favor of the defendant is affirmed. And so the judgment in favor of the defendant stands. There's no without prejudice here. You can't then bring another action, raising the same claims. What's your citation? What's your precedent for that? Well, it's the same precedent, and it's also the Semtex case that we cited in our brief, where they talk about the fact that when there's a without prejudice ruling, if the Court's intention was to be rid of that case, and in particular, all the cases talked about whether or not the issue of leave to amend was raised, which it was in our case. Leave to amend what? In our case, we asked for leave. You have a summary judgment. You're not amending a complaint. Well, in our case, the – The complaint was resolved in the summary judgment. And that's because there were two motions pending. One was to allow us the time to bring in and, first of all, obtain through the probate court appointment of personal representative for the families. The Court denied that. I still don't understand how you get to represent to this Court that it was a final judgment. It's set forth in the Cooper v. Ramos case. There are cases in which judges will say, for example, I'm dismissing without prejudice, and a plaintiff will choose to stand on the complaint, not amend the complaint, in which case it converts to a final judgment that is appealable, even if the judge has said I'm going to allow you time to do that. That's a very different situation here, for reasons that Judge Acuda is describing. But what I'm concerned about is that you told us it was a final judgment, and now you're telling us it's not a final judgment. And I want to know why judicial estoppel isn't appropriate here. Well, I understand the question. I understand the point. And, again, we're going back to the same cases, the McLaughlin case, the WMX Technology case, and more recently, the Cooper v. Ramos. What they talked about is this very issue. And what they talked about is when the judge's intention was to get rid of this case, and specifically when they deny leave to amend. And leave to amend was under Rule 15 and in Rule 17a. Leave to amend what? To allow us to bring in the proper personal representatives. Leave to amend what? To bring in the proper parties. But what are you amending? What are you proposing to amend? The amendment was substituting in the named plaintiffs. In what? With the proper personal representatives. In a complaint or in your summary judgment? Do you think you can amend a summary judgment? Under 17a, the rule that we were discussing at that time, and 15, those were the two issues. What happened on the MSJ. I'm still not understanding what you're hoping to amend. Well, we're asking the Court. But you have to file something. You have to file an amended something. So what is the amended something you intend to file? The amendment was a substitution of parties. It was from the named plaintiffs to the appointed personal representatives. And what's the document that you would be filing with the Court? We filed leave to have the Court, A, appoint the personal representatives, which it denied. We asked an alternative leave to give us time to obtain through probate court. The appointment of personal representatives under 17a, which was denied, as well as under 15. Based on the denial of that, the Court then said, because I'm not allowing you to bring in these parties, there are no tribal issues of fact on those issues. That the wrong parties are before the Court. In fact, the motion for summary judgment was based precisely on that. That the parties brought before the Court did not have standing to proceed in that litigation. They were the wrong parties. I didn't say so, but I'd like to reserve three minutes of my time for rebuttal. So, with that... I'd like to take you back to the question of the final judgment, because I still haven't gotten... I don't even think I've gotten close to a satisfactory answer yet. So, I understand that you think that under Cooper, it depends on what the district judge intended. So, did you think, at the time that Judge Morrow issued her judgment, that she was not issuing a final judgment? She's issuing a non-final judgment. We thought that it was final based on the authority I just cited to the Court. So, you thought it was final? Final and without prejudice. Well, how can it be final but without prejudice? Exactly what the Cooper Court talks about, and it's exactly what the WMX technology and all those lines of it can be without prejudice. That there can be a dismissal without prejudice that's final and appealable if it was the Court's intention of those theories and, or in this case, those parties involved would be dismissed and denied the grant of leave. Certain of those cases actually went forward and said there's certain cases where it is without prejudice, the issue of leave was raised but wasn't decided, and this Court has decided that it will assume that. That meant that that was denied and it would still be an appealable final order. So, I would refer to those two cases. So, the other question then becomes, in this case, is we took a judgment and the judgment was clear and unambiguous and it was reviewed, it was analyzed and it was rewritten, in essence, past Rule 59's 28-day deadline for asking for a challenge and or Rule 60's deadline, which is within reasonable time and no more than one year, or if on appeal, only with leave of the appellate court. There is no ambiguity. Let me ask just a question. I think it gets to the nub of this thing. So, basically, the first action was dismissal and summary judgment because you didn't have the correct parties who had statutory standing. Well, we disagree with it being statutory standing. We think it was classical Article III standing. Well, you're supposed to have the personal representatives of the decedent, and you didn't have that. That's correct. And that's an element of the claim. Well, we would dispute that it's an element of the claim. I know Judge Fischer determined that it was an element of the claim. We don't believe it is statutory standing. We believe it's basically a prerequisite, for instance. That was something you could have raised on appeal. I don't remember if you raised that on appeal or not, because then summary judgment would have been inappropriate. She should have dismissed for lack of jurisdiction, which she didn't. So, on appeal, did you raise that issue? The first appeal was specifically with regard to the failure to allow us the amendment through 1780. But did you raise the issue of whether it was erroneous to grant summary judgment because it should have been dismissed for want of Article III standing? I don't believe that was specifically raised. Let me get back to where I was headed. So now you have the correct personal representatives. And you can't file a new action because you're barred by the statute of limitations. Is that right? The decision took the plaintiffs we had, which were family members, not personal representatives, and determined that it was too late if the court would not allow us to use 17A, which we believe was in error, as Judge Reinhart did when he descended to that appeal. So those parties would not be allowed to proceed or file another action. We're talking about different parties now. The proper parties in that case that the court ruled on were the personal representatives. Isn't that a separate action? I mean, it is a separate action. This is a separate action. And it's brought under Comeron law now. It's different claims based on a different incident that couldn't have been brought the first time. It's different claims, different incident, couldn't have been brought the first time. It's the same incident. Same claims. It's the same families involved. It's brought under Comeron law. And what makes it available to us is that under Comeron law, there was a lengthy and still viable statute of limitations. But that claim could have been brought in the first suit. Well, maybe. Why not? Well, it was under different law. It was under different parties. We patch things together all the time, counsel. I understand. So if we were under DOSA, we'd have to have personal representatives, and we didn't have it. Right. So that was basically the issue in that case. Why wouldn't you plead this in the alternative if there was some question about whether you had personal representatives under DOSA? At the time we did it, it was not a question for us, and that's why we didn't do it. Right. But that was a strategic decision that you made. It could have been brought in the previous suit. That is correct. Okay. Yes, sir. Judge Fischer thought that Judge Morrow's order did not refer to Article III. Can you point to any place in Judge Morrow's summary judgment grant that references Article III of the Constitution? It didn't reference either statutory or Article III, but just basic analysis of Article III standing. Do we have the right people before the court? And that's basically all this was. Were there Article III standing cases cited in that? Can you point to anything in Judge Morrow's order that suggested that she was referring, that she had Article III in mind? She didn't suggest either way. She spoke of it in a vacuum. She refers to the statute repeatedly. Did she ever refer to Article III of the Constitution? Let's start with that one. She refers to the DOSA statute. Did she refer to Article III? She did not. Okay. Nor did she reference statutory standing. There's no authority set forth at all. Did she refer to any cases in which Article III standing is the principal issue? She didn't argue either way. I understand she didn't argue it either way. I just wanted a simple yes or no. I think that can be answered yes or no, counsel. Of course, yes. She did not. Okay. And as part of our concern is that it was after the fact, parties are going back and trying to say what her intention was rather than what the judgment says. The judgment is not ambiguous. There's been no argument that it was. The only ambiguous is what her intentions were. And so, in effect, what took place is there was a reevaluation of what she meant to do. In fact, I think Judge Fischer said that on the record, that she knew what she meant to do and was going to reword this and redo this. So it's, in our opinion, creating significant problems and precedent that will allow all parties from this stage forward to question the judgment that would well belong beyond the Rule 59 and Rule 60 time frames for doing so. Allow them to do it without first determining that there's any ambiguity in the judgment, which could have been challenged if counsel or the party, the appellee, had an issue with that during the relevant time frames, but was not done and waited until multiple years later. Did you want to save three minutes? Yes, I'd like to save my last two minutes. Thank you. Okay. Thank you. Thank you. Good morning. Christopher Barth on behalf of International Lease Finance Corporation. I think the Court is well in tune with what's going on here. In the original action, what we refer to as Hasanati 1, everyone involved understood that Judge Morrow's order was a final order. The plaintiffs knew it was a final order because they appealed it. And how did they appeal it? They cited to 28 U.S.C. 1291, which is four final orders. ILC knew it. We didn't contest the fact that there was an appeal. We accepted this Court's jurisdiction on the first appeal and proceeded. We briefed it. We argued before this Court and didn't challenge the Court's decision. This Court knew it was a final and appealable order from Judge Morrow because jurisdiction was accepted. The Court entertained briefs, argument, and issued its decision. Judge Morrow knew it was a final decision because there's a companion case that's referenced in the excerpts of record called Abdallah. And at page 113 of the excerpts of record, Judge Morrow in this companion case is talking about her ruling in the Hasanati 1 case and specifically said that was a final order. And in fact, she applied the fact that Hasanati had been finally resolved as an issue preclusion tool against ILC in the Abdallah case. And Judge Fisher knew it was a final and appealable order. And her analysis, which is part of this appeal, is clear. That all parties understood we proceeded as if it was a final and appealable order by Judge Morrow. And it makes sense. Why, if this was, if Judge Morrow's 2014 ruling was simply an interim order, why would she have issued a judgment? It doesn't make sense. In 2011, in Hasanati 1, ILC had moved to dismiss for failure to state a claim. And it said plaintiffs are proceeding under California state law. This case is governed by the Death on the High Seas Act. 2011, Judge Morrow grants the motion to dismiss and says to plaintiffs, you have 20 days leave to amend your complaint. So clearly, the district court understood that if it was dismissing and giving plaintiffs an opportunity to replead properly, it knew how to proceed. Why did she say without prejudice in the summary judgment order? That's a good question. Your Honor, I think we can all speculate as to the reasons, but I do personally think it's a scrivener's error. That for whatever reason, she put down... Or it could be that she expected perhaps the appointment at some point, some reasonable point, by the state courts of the personal, the correct personal representatives. And she might have been leaving that open for that to occur. But instead, there was an appeal of this order. And there wasn't... They didn't then come back and say, oh, no, now we want to substitute, like within 20 days or 30 days. The problem there, Your Honor, is that plaintiffs were already given from 2011 the opportunity to commence that process, which even they admit would take time. But they did not... They did nothing. They did nothing. Okay. And through the appeal, the first appeal, they had done nothing. And we have no information in this case that they've ever gone into state court to seek appointments as personal representatives. So for this Hassan Adi 2, my understanding was they were seeking to use the longer statute of limitations under Cormoran law, but there wasn't an indication that they had gotten personal representatives appointed. Is that correct reading of the record? Or have they obtained personal representatives at this point? In the current action, we have no information to indicate that personal representative, that the plaintiffs are truly court-appointed personal representatives as required by DOSA. But if they're bringing it under Cormoran law, does Cormoran law require a personal representative? Well, DOSA does. And that's the enabling statute that lets them get to... 30307, I believe it is, under DOSA, that allows pleading under foreign law. But the procedural aspects of DOSA still apply. And that's a key consideration here. Because plaintiffs in the briefing in this appeal referenced Semtec. But Semtec was a removal case based on general diversity jurisdiction under 1332. Here we have removal under minimal diversity jurisdiction under 1369 was the original basis. Plaintiffs refiled their action actually now directly in district court. But in addition, you have... DOSA is kind of overlaid that removal and provides its own statute of limitations under 46 U.S.C. 30301, I believe it is. And that's a three-year statute of limitations. That's what the court Judge Morrow was relying on in 2014 when she said DOSA applies to this case. The general maritime statute of limitations applies because that's what DOSA incorporates. And therefore, it's three years. I don't think they get to apply the Camorra law. We don't even know if Camorra law truly has this statute of limitations. And in fact, that was one of the criticisms in Judge Morrow's 2011 order on ILC's motion to dismiss. In that order, she discusses the fact that plaintiffs have pled generally foreign law. And one of the things that Judge Morrow said was, I can't rule on that claim because you haven't even specified what country's law applies, what that law is. So plaintiffs knew in 2011, not only did they have to get appointments as personal representatives by the court, but they also had to specify what foreign law applied to their claims. And they didn't do that. And they filed the second amended complaint, and they filed the third amended complaint, and simply repeated those types of general allegations about any other laws, domestic or foreign. And so they never corrected what Judge Morrow had told them they needed to address. So what we have here is nothing short of just basic claim splitting. Plaintiffs knew in the original action that they were looking at foreign law as a possible law to apply in Hasanati 1. They certainly knew in Abdallah, Abdallah had pled that, and that was part of what Judge Morrow was talking about in her ruling that's part of the record here. Is that she had denied the motion in this Abdallah case, because the plaintiffs in that case had pled the specific Camoran law. So that was already known, it was out there. And yet the plaintiffs in Hasanati 1, who are the plaintiffs here today, never amended to correct the pleading which Judge Morrow told them that they in fact had to do, provide the specifics, and they chose not to do that. So the errors here are just compounding. We had the original errors of the personal representatives being that they never took care of that, they never did what Judge Morrow had directed them to do, proceeded with the appeal, having not done it, lost. Now they're coming back on a second point that Judge Morrow had already pointed out to them in 2011, and they didn't correct since then. I would like to address briefly the standing issue. As the Court noted, Article III standing was never an issue. Never raised, never briefed, never discussed. This was always about DOSA standing, statutory standing, which really is a misnomer. It's not truly standing when you talk about statutory standing. What we're talking about is, do we have the right parties in front of the Court? And DOSA specifies that you must be a personal representative, and a personal representative is clearly understood to mean court-appointed, so that we know when we're dealing with a particular plaintiff who is court-appointed, and a judgment is entered, and a payment has to issue as a result of that judgment, that from my client's perspective, the case is done. We don't have to worry about a new plaintiff coming forward and saying, that person wasn't the proper representative. And that's why DOSA requires personal representatives, that they be court-appointed. That was never obtained, and that was the basis of the first appeal. So, having lost on that issue, they've now decided to try another route, which is the standing issue, claiming Camorra law applies when they knew there was that possibility in the first action. And that was the basis for why Judge Fischer granted the motion to dismiss on Hasanati 2, finding that they had every opportunity, and they never took that opportunity up. And had they done so, perhaps we would still be going forward in Hasanati 1. We're not. They knew it was a final order, they appealed it, they lost, and now they're trying simply for a second bite at the apple. If the court has no further questions, I will yield my time. Thank you very much, counsel. Thank you. Two minutes left. Just a couple points of clarification, if I may. First, on the doula action that was referenced by counsel, it's in the briefing, it was a matter that was filed after the statute of limitations, under Camorra law, proceeded without personal representatives. So those issues were resolved, and we were able to do the same thing in this case. Just to give some point of reference, and a quote from McLaughlin v. Smith to answer your questions, Your Honor, is what it said in that case. It's a dismissal without prejudice. It may be intended to end the litigation of the court involved, but not to act as an adjudication on the merits, to bar the following of a similar action in another court. The point being on the merits. This is a case that never touched the merits, never addressed the merits, was never ruled on merits. It basically was having the right parties involved, classic Article III standing issues. There's no showing that Comer law would require personal representatives to be appointed to proceed in that case. We believe that's accurate. That's what happened in the Abdulla case. They were not proceeding under personal representatives. The point in this case is that no merits were addressed in this case. There was a judgment that was entered. The judgment was written clear and unambiguously. It has been challenged. It's been rewritten. We've gone back and looked at the intent of the judge that wrote it. It's inappropriate. It's contrary to the laws and the procedure that governs how to challenge a statute. It could have been challenged in the appropriate time if there was a question. It never was. There is no authority anywhere in the briefing, in the orders, in the rulings that say that DOSA standing is statutory standing. The term has been thrown around a lot. There's no case on point with that. Basically, in this case, it's a classic Article III standing. It could be anybody named as a personal representative. They don't have to have any connection to the families. They don't have to have any connection to the case. They don't have any connection to the litigation. It is not an element of the claim. It is a basic procedural requisite. With that, I'll submit. I appreciate your time. Thank you. Thank you very much.
judges: Wardlaw, Bybee, Ikuta